**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DWIGHT D. JOHNSTON,** ) | |
| **ID # 861621,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:11-CV-1151-B (BH) |
| ) | |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to an *Order Referring Motion* dated January 6, 2014, before the Court is the petitioner's *Petition of Voluntary Dismissal of Cause No. 3:11-cv-2396*, received on December 23, 2013 (doc. 12). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On June 1, 2011, the Court received petitioner's federal habeas petition challenging his 1999 state court conviction for aggravated robbery. (*See* Cause No. 3:11-CV-1151-B, doc. 2.) On July 27, 2011, the case was dismissed without prejudice for failure to prosecute because the petitioner failed to either pay the filing fee or submit a motion to proceed *in forma pauperis*. (*See id.,* docs. 6-8.) On August 15, 2011, the Court received the petitioner's motion to reinstate Cause No. 3:11-CV-1151-B. (*See id.,* doc. 9.) On September 16, 2011, the Court received a second federal habeas petition again challenging the petitioner's 1999 state court conviction for aggravated robbery and a filing fee, and a new case was opened for the second petition. (*See* Cause No. 3:11-CV-2396-B, docs. 2,6.) The motion to reinstate Cause No. 3:11-CV-1151-B was denied as moot on September 19, 2011, based on the opening of Cause No. 3:11-CV-2396-B. (*See* doc. 10.) The habeas petition in Cause No. 3:11-CV-2396-B was denied as barred by the statute of limitations on January 5, 2012.

See *Johnston v. Thaler*, No. 3:11-CV-2396-B (N.D. Tex. Jan. 5, 2012).

The petitioner now seeks to voluntarily dismiss Cause No. 3:11-CV-2396-B, which was dismissed with prejudice, and to reinstate Cause No. 3:11-CV-1151-B, which was dismissed without prejudice.

## II.  VOLUNTARY DISMISSAL OF CAUSE NO. 3:11-CV-2396-B

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or where the parties have stipulated to a dismissal.  Rule 41(a)(2) provides that a plaintiff may otherwise seek a court order dismissing an action.  Here, the action petitioner seeks to dismiss has already been dismissed on the merits with prejudice.  Rule 41(a) is therefore inapplicable, and his motion to voluntarily dismiss Cause No. 3:11-CV-2396-B should be denied.

## III.  REINSTATEMENT OF CAUSE NO. 3:11-CV-1151-B

The petitioner's motion to reinstate may be liberally construed as contending that he was prejudiced by the denial of his motion to reinstate Cause No. 3:11-CV-1151-B based on the opening of Cause No. 3:11-CV-2396-B, because the later-filed challenge to his 1999 state court conviction for aggravated robbery denied as time-barred.  The petitioner mailed his federal petition in this case, Cause No. 3:11-CV-1151-B, on May 26, 2011.  (*See* doc. 2 at 9.)  He was convicted of aggravated robbery in state court on January 25, 1999, and this conviction became final in 2000.  Because the petitioner filed his first federal petition challenging this conviction eleven years later, and he did not file any state habeas application challenging the conviction until 2004, the earlier filing date in Cause No. 3:11-CV-1151-B would still not save his federal habeas petition from being barred by

the one-year statute of limitations. (*Id*. at 2-3); *see also* 28 U.S.C. § 2244(d)(1)(A), (d)(2). The petitioner has not shown any prejudice from the failure to reinstate Cause No. 3:11-CV-1151-B based on the opening of Cause No. 3:11-CV-2396-B, or any basis for reinstating an action challenging the same 1999 conviction that has already been found to be time-barred. His motion should therefore be **DENIED**.

### III. RECOMMENDATION

The *Petition of Voluntary Dismissal of Cause No. 3:11-cv-2396* (doc. 12), should be **DENIED**.

SO ORDERED this 8th day of January, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3